•Nash J.
 

 In iheopinion of his Honor who tried the cause, there is no error. The action is on a bond, given by James . Ross, as administrator of Sherod Bailey, to which the defen-' dant was one of the sureties, and is dated the 13th of April 1826. The bond being defective as an official bond, the declaration is at common law. The writ was issued the 11th July, 1848, and the defendant, under the proper plea, relied upon the lapse of time, as proof of payment. At the date of the bond, the person interested was an infant of tender years, and brought the action within two years after attaining his majority. It is a very general presumption, that 'things once proved to have existed 'in a particular State, are to be understood as continuing in that State, until the contrary is established by evidence, either direct or presumptive. Thus a debt once proved to have existed, is presumed to continue, unless payment, or some other-discharge be proved or established from circumstances;
 
 Jackson
 
 v.
 
 Irwin
 
 2nd Camp. 48. Among the presumptive proofs of payment of a bond is lapse of time. The courts of common law in England established the artificial presumption, when payment of a bond, or other specialty, was not demanded within twenty years, and there was no payment of interest, within that time, or other circumstances to show that it was still in force, that payment ought to be presumed by a jury.
 
 Oswald
 
 v.
 
 Legh,
 
 1st Tenn. Re. 271. So continued the law in this State,-until the act of 1826, ch. 28, was passed (Rev. Stat. ch. 65, S. 13.) By that aet, the time within which the-presumption is limited to arise, is cut down to ten years. Forbearance to sue for such a length of time will raise the presumption of payment.
 

 It is, however, but a presumption, and may be answered by proof of other circumstances, explaining satisfactorily,
 
 *312
 
 why an earlier demand has not been made, as in
 
 Newman
 
 v. Newman, 1st Star, N. Pr. cases 101, when the obligee had resided abroad for the last twenty years,
 
 2,
 
 Phil. Eq. 1711 In this case the presumption of payment could not arise. The person for whose benefit the bond was given, and for whose interest the action is brought, was at its execution, an infant, and continued so until within two years before the action was brought. The presumption under which the defendant seeks to protect himself, is, that he has paid the piopey. The condition of the bond bound him to pay the money when the infant came of age — be did not do so until within, ten years before the action was brought. The- presumption at payment did not arise in this ease.
 

 Pe.u C.uRiAW- Judgment affirmed.